UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS GERALD WOOD,

    Petitioner,	Civil No. 2:06-12714
	HONORABLE BERNARD A. FRIEDMAN
v.	CHIEF UNITED STATES DISTRICT JUDGE

KURT JONES,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

    Curtis Gerald Wood, ("Petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, has filed a petition for writ of habeas corpus through counsel Laura Kathleen Sutton pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for possession with intent to deliver over 650 grams of cocaine, M.C.L.A. 333.7401(2)(a)(I); and fleeing and eluding a police officer, M.C.L.A. 750.479. Petitioner has also filed a motion to hold the petition in abeyance in order to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust three additional claims which are not included in his current petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to complete his post-conviction proceedings in the state courts to exhaust his claims. The Court will also administratively close the case.

1

Dockets.Justia.com

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Wood,* No. 213417 (Mich.Ct.App. February 6, 2001); *aff'd* 469 Mich. 893; 635 N.W. 2d 622 (2001).

Petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court on January 27, 2003. The trial court and the Michigan Court of Appeals both denied post-conviction relief to petitioner. On April 14, 2006, petitioner filed an application for leave to appeal the denial of his post-conviction motion to the Michigan Supreme Court. That application remains pending before the Michigan Supreme Court.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Tran v. Bell,* 145

F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court will grant petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 125 S. Ct. 1807, 1813-14 (2005). At least one other judge in this district has held a habeas petition in abeyance while a habeas petitioner's post-conviction appeal remained pending in the Michigan Supreme Court, as is the case here. *See Brown v. Wolfenbarger,* 2005 WL 3465862 (E.D. Mich. December 16, 2005)(Rosen, J.).

The Court will therefore hold the present petition in abeyance. This tolling,

3

however, is conditioned upon petitioner initiating his state post-conviction remedies, which he has apparently already done, and more importantly, returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Hargrove,* 300 F. 3d at 718.

### III.  ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of petitioner's state application for post-conviction review.  This tolling is conditioned upon petitioner re-filing his habeas petition within **sixty days** after the conclusion of the state court post-conviction proceedings.  Petitioner is free at that time to file an amended habeas petition which contains his newly exhausted claims.  To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

                                                   s/Bernard A. Friedman
                                                   **HON. BERNARD A. FRIEDMAN**
**Dated: July 6, 2006**                      **CHIEF UNITED STATES DISTRICT JUDGE**