UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS GERALD WOOD,

    Petitioner,

v.

KURT JONES,

    Respondent,
_____/

Civil No. 2:06-12714
HONORABLE BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER GRANTING MOTION TO LIFT THE STAY OF PROCEEDINGS AND TO REOPEN THE HABEAS PETITION, GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING THAT BOTH THE ORIGINAL PETITION AND THE AMENDMENT TO THE BRIEF IN SUPPORT OF THE PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND ORDER DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS IN THIS CASE.**

On July 6, 2006, this Court entered an opinion and order granting petitioner's motion to hold his habeas petition in abeyance to allow petitioner to return to the state courts to exhaust additional claims that he had failed to exhaust his state court remedies prior to filing his habeas petition. The Court also administratively closed the case. Petitioner has now filed a motion to lift the stay of proceedings and to reopen his petition for writ of habeas corpus upon the following the exhaustion of his claims. Petitioner has also filed a motion to amend his habeas petition by filing an amendment to the brief in support of the petition for writ of habeas corpus filed June 20, 2006. For the reasons stated

1

below, the motion to lift the stay and to reopen the habeas petition is **GRANTED**. The Court will also **GRANT** the motion to amend the habeas petition. The Court will further order that the Clerk of the Court serve a copy of the original habeas petition which was filed with the Court on June 20, 2006 [Court Dkt. Entry # 1], along with the amendment to the brief in support of the petition for writ of habeas corpus, which was filed with this Court on December 20, 2006 [Court Dkt. Entry # 4] upon respondent and the Michigan Attorney General's Office by first class mail. The Court will further order the respondent to file a responsive pleading to the amended petition and the Rule 5 materials within **one hundred and eighty (180)** days of the Court's order.

      Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because petitioner is now alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

      The Court will also grant petitioner's motion to amend his habeas petition in his amendment to the brief in support of the petition for writ of habeas corpus. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the

opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

The Court will permit petitioner to amend his petition, because there is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, the Court will permit petitioner to amend his petition.

The Court will further order that the Clerk of the Court serve a copy of the original habeas petition, along with a copy of the "amendment to the brief in support of petition for writ of habeas corpus filed June 20, 2006" and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2  (E.D. Mich. August 2, 2005).

The Court will also order the respondent to file a response to the habeas petition within one hundred and eighty days of the Court's order.  This Court has the discretion under the rules governing responses in habeas corpus cases to set

a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order respondent to provide this Court with the Rule 5 materials at the time that it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

## **ORDER**

Based on the foregoing, the motion to lift the stay of proceedings and to reopen the habeas petition to the Court's active docket is **GRANTED.**

IT IS FURTHER ORDERED That Petitioner's Motion to Amend the Petition for Writ of Habeas Corpus is **GRANTED.**

IT IS FURTHER ORDERED That the Clerk of the Court serve a copy of the original petition for writ of habeas corpus, as well as the "amendment to the brief in support of petition for writ of habeas corpus filed June 20, 2006" and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that respondent shall file an answer and produce the entire state court record within **one hundred and eighty (180) days** of the date of this order or show cause why they are unable to comply with the order.

**IT IS FURTHER ORDERED** that petitioner shall have **forty five days** from the date that he receives the answer to file a reply brief.

        ___s/Bernard A. Friedman_____
        **HON. BERNARD A. FRIEDMAN**
        **CHIEF UNITED STATES DISTRICT JUDGE**

Dated: January 11, 2007