UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS GERALD WOOD,

        Petitioner,                             Civil Action No.
                                               06-CV-12714

vs.

                                           HON. BERNARD A. FRIEDMAN

KURT JONES,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

        Curtis Gerald Wood, ("Petitioner"), has filed an original and an amended petition for

a writ of habeas corpus through counsel Laura Kathleen Sutton pursuant to 28 U.S.C. § 2254, in

which he challenges his conviction for possession with intent to deliver over 650 grams of cocaine,

M.C.L.A. 333.7401(2)(a)(I); and fleeing and eluding a police officer, M.C.L.A. 750.479. For the

reasons stated below, the Court will deny the petition for writ of habeas corpus.

**I. Background**

        Petitioner was convicted of the above charges following a jury trial in the Wayne

County Circuit Court. Petitioner's counsel has provided a detailed statement of facts in the original

and amended petition for writ of habeas corpus. Respondent does not dispute these facts. Because

the facts of this case have been repeated numerous times, they need not be repeated here in their

entirety. Accordingly, the Court will merely recite verbatim the relevant facts regarding petitioner's

conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are

presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich.

1

2006):

> On November 13, 1997, between 8:00 and 8:30 a.m., Officer Tardiff saw a 1997 Toyota Camry traveling at a high rate of speed on Outer Drive. Officer Tardiff stopped the vehicle and asked to see a driver's license, registration, and proof of insurance. Defendant, who was driving the vehicle, said that he did not have a license, but that he would provide his name. As Officer Tardiff was speaking with defendant, he smelled burnt marijuana coming from the vehicle and he asked defendant if he had been smoking marijuana. Defendant replied that he had smoked a joint earlier. Officer Tardiff asked defendant to have a seat in the patrol car, to which defendant replied, "I don't think so." Defendant placed the car in gear and drove off at a high rate of speed. Officer Tardiff pursued the vehicle to Fourteenth Street, where defendant pulled the vehicle to the left shoulder of the road, jumped out of the vehicle, and ran on foot. Officer Tardiff noticed that defendant had plastic baggies containing an off-white substance in his hand. Five bags of cocaine and loose pieces of rock cocaine were recovered from the area following defendant's apprehension.

*People v. Wood,* No. 213417, at * 1 (Mich. Ct. App. Feb. 6, 2001).

> Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 465 Mich. 893; 635 N.W.

2d 622 (2001). Petitioner subsequently filed a post-conviction motion for relief from judgment,

which was denied. *People v. Wood,* No. 97-9781 (Wayne County Circuit Court, Apr. 30, 2004).

The Michigan appellate courts denied petitioner leave to appeal. *People v. Wood,* No. 263884 (Mich.

Ct. App. Mar.16, 2006); *lv. den.* 477 Mich. 905; 722 N.W. 2d 801 (2006). Petitioner now seeks the

issuance of a writ of habeas corpus on the following grounds:

> I. The state court prosecutor's repeated misconduct was so egregious that it wholly undermined the trial, rendered the verdict unreliable, and deprived petitioner of due process and an impartial trial by jury as guaranteed by the Fifth and Fourteenth Amendments to the federal constitution.

> II. Petitioner Wood was denied his right to a fair trial under the Due Process Clause of the Fourteenth Amendment by introduction of hearsay evidence that the vehicle driven by petitioner had been involved in a prior drug case.

> III. The state trial court violated petitioner's constitutional rights to due process and a fair trial where it gave instructions that did not adequately instruct the jury on the

law to be applied during deliberations.

IV. The Michigan state courts denied petitioner due process rights to present a defense and confrontation when they denied discovery of potential misconduct on the part of Police Officer Adam Tardiff.

V. A writ of habeas corpus should issue where trial counsel rendered ineffective assistance when counsel failed to challenge the sufficiency of the evidence to support the charged offense.

VI. Petitioner Wood's mandatory sentence of life in prison for possession with intent to deliver over 650 grams of cocaine is in violation of the Eighth Amendment under an evolving standards analysis and is grossly disproportionate to the offense.

VII. Petitioner Wood is entitled to habeas relief because he was denied his right to the effective assistance of counsel on his direct appeal.

## II. Standard of Review

According to 28 U.S.C. § 2254(d), the following standard of review is applicable in habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than has the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An

"unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. Discussion

A.     *Claim # 1. The prosecutorial misconduct claims.*

Petitioner first claims that he was deprived of a fair trial because of prosecutorial misconduct. When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor. On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1355-56 (6th Cir. 1993). In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Id.* Thus, in order to prevail on a claim of prosecutorial misconduct, the alleged misconduct must so infect the trial with unfairness as to make the petitioner's resulting conviction a denial of due process. *Robertson v. Abramajtys,* 144 F. Supp.2d 829, 843 (E.D. Mich. 2001).

Petitioner first claims that the prosecutor suggested that defense counsel was trying to mislead the jury by hiding facts. When defense counsel objected to the prosecutor's attempts to have Officer Tardiff explain away discrepancies between his police report and his trial testimony,

the following colloquy occurred:

> Prosecutor: Well, I though my job was to bring out all the facts.  I mean, some people their job is to hide the facts.

> Mr. Blank [defense counsel]: Your Honor, I object to that, suggesting that I'm trying to hide anything.

> Prosecutor: I didn't say he would.

> The Court: No, he didn't say you.  He didn't say that.

> Mr. Blank: Well, there must have been someone else in the courtroom then.

> The Court: No, he didn't make any accusations.  But if you feel that he's talking about you, that's your problem.  He never said that.

> Mr. Blank: It's not my problem, it's this Court's problem.

> Mr. Less [the prosecutor]: Do you want me to continue on?

At this point, the jury was excused and defense counsel was chastised by the trial court for what the trial court judge believed to be an insult.

The Michigan Court of Appeals rejected petitioner's claim, finding that the challenged remarks, when viewed in context, were not a personal attack on defense counsel, because the prosecutor's isolated remark was "general in nature and not expressly directed at defense counsel." *Wood*, Slip. Op. at * 10.  The Michigan Court of Appeals further noted that the trial court cured any possible prejudice by instructing the jurors that neither the attorneys' objections to the evidence nor their removal from the courtroom suggested that anything was being hidden from the jury.  The trial court further cured any prejudice by instructing the jurors that the statements and arguments made by the attorneys was not evidence. *Id.*

In the present case, it is not clear that the prosecutor was accusing defense counsel of attempting to hide facts from the jury.  However, even if the prosecutor's remark could be

5

construed as a suggestion that defense counsel was attempting to trick the jury, it would not be grounds for habeas relief in light of the fact that it was an isolated remark. The Sixth Circuit has held that a prosecutor's isolated comments in closing argument that the defense was attempting to trick the jury is not an improper disparagement of defense counsel. *Brown v. McKee,* 231 Fed. Appx. 469, 480 (6th Cir. 2007). Petitioner is not entitled to habeas relief on his claim that the prosecutor improperly denigrated defense counsel, because even if the prosecutor's comments about petitioner's defense counsel were improper, they were not flagrant enough to justify habeas relief. *See Henley v. Cason,* 154 Fed. Appx 445, 447 (6th Cir. 2005). The prosecutor's sarcastic comments were not so incendiary so as to inflame the jury's passion or distract them from determining petitioner's guilt or innocence. *See Davis v. Burt,* 100 Fed. Appx. 340, 348 (6th Cir. 2004). When combined with the instruction from the trial judge that the attorneys' arguments, questions, and statements were not evidence, the prosecutor's comments did not render the entire trial fundamentally unfair. *Byrd v. Collins*, 209 F. 3d 486, 533 (6th Cir. 2000).

Petitioner next claims that the prosecutor injected facts which had not been introduced into evidence by suggesting during closing arguments that there were additional drugs that were inside of petitioner's vehicle which the police were unable to recover. The Michigan Court of Appeals agreed that this comment was improper, but found that the trial court's immediate reprimand to the prosecution to refrain from this line of argument rendered the error harmless. *Wood,* Slip. Op. at * 10.

Petitioner is not entitled to habeas relief on his claim that the prosecutor made remarks that were based upon purported facts that were not introduced into evidence, because the remarks were isolated and the evidence against petitioner in this case was strong. *See Macias v.*

*Makowski,* 291 F. 3d 447, 453-54 (6th Cir. 2002); *Byrd,* 209 F. 3d at 536. In addition, an "on-the-spot curative instruction" by a trial court judge can make a difference in preventing improper prosecutorial argument or remarks from rendering a trial fundamentally unfair. *See Brown v. Palmer,* 358 F.Supp.2d 648, 658 (E.D. Mich. 2005). Here, the judge in the jury's presence indicated that it was improper for the prosecutor to make these remarks. Finally, any prosecutorial misconduct in attempting to inject facts that had not been introduced into evidence was also ameliorated by the trial court's instruction that the lawyers' comments and statements were not evidence. *See Hamblin v. Mitchell,* 354 F. 3d 482, 495 (6th Cir. 2003). Petitioner is not entitled to habeas relief on his first claim.

B.     *Claim # 2.  The other acts evidence claim.*

Petitioner next claims that he was deprived of a fair trial when the prosecutor introduced evidence that the vehicle driven by petitioner had been involved in a prior drug transaction because the testimony was irrelevant, unfairly prejudicial, and violated the dictates of M.R.E. 404(b). It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial

does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Likewise, petitioner's claim that this evidence was irrelevant does not raise due process issues of constitutional magnitude or entitle him to habeas corpus relief. *See Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978). Finally, appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002). Petitioner is therefore not entitled to habeas relief on his second claim.

      C.     *Claim # 3. The instructional error claims.*

      Petitioner next claims that he was deprived of a fair trial because the trial court refused to use the standardized Michigan Criminal Jury Instructions, instead giving his own instructions to the jury. Petitioner contends that several of these instructions were deficient. The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned", and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977). The challenged instruction must not judged

in isolation but must be considered in the context of the entire jury charge. *Jones v. United* States, 527 U.S. 373, 391 (1999). A habeas petitioner's burden of showing prejudice is especially heavy when a petitioner claims that a jury instruction was incomplete, because an omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law. *See Hardaway v. Withrow,* 305 F. 3d 558, 565 (6th Cir. 2002). Finally, federal habeas courts do not grant relief, as might a state appellate court, simply because a jury instruction may have been deficient in comparison to a model state instruction. *Estelle*, 502 U.S. at 72.

Petitioner first claims that the trial court's instruction on the concept of the presumption of innocence was deficient, because it defined the presumption of innocence as being a rebuttable presumption. The U.S. Supreme Court has observed that the "presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams,* 425 U.S. 501, 503 (1976). However, an instruction that a defendant is presumed to be innocent is constitutionally required only in those cases, where in light of the totality of the circumstances, there is a "genuine danger" that the jury will convict on something other than the state's lawful evidence, proven beyond a reasonable doubt. *Delo v. Lashley,* 507 U.S. 272, 278 (1993)(internal citations omitted).

Additionally, although the failure to give any instruction as to the presumption of innocence might constitute a denial of due process in some circumstances, a defendant is not entitled to a particular form of instruction, and the adequacy of the charge that must be given is assessed in light of the instructions as a whole. *United States v. Allah,* 130 F. 3d 33, 44-45 (2nd Cir. 1997) (internal citations omitted). Any error by a trial court's allegedly faulty instruction on the presumption of innocence is a trial error, not a structural error, and is thus subject to review for

harmless error on federal habeas review. *See Walker v. Gibson,* 228 F. 3d 1217, 1235-1236 (10th Cir. 2000).

In the present case, the trial court's instructions, when viewed in their entirety, adequately explained to the jury that petitioner was presumed innocent, that the prosecution had the burden of proving petitioner guilty beyond a reasonable doubt, that the burden never shifted to petitioner, and that the prosecution's failure to prove petitioner's guilt beyond a reasonable doubt required a verdict of not guilty. The trial court merely explained that the presumption of innocence could be rebutted by evidence that proved beyond a reasonable doubt that petitioner was guilty. A trial court judge's instruction that the presumption of innocence may be rebutted by proof is not erroneous. *See Chancellor v. State,* 165 Ga.App. 365, 368; 301 S.E.2d 294 (Ga. App. 1983); *See also United States v. Reyes-Reynoso,* 215 Fed. Appx. 595, 596 (9th Cir. 2006) (instruction that defendant was innocent until contrary was proven did not allow jury to abandon presumption of innocence before it found guilt beyond a reasonable doubt, because the instructions as a whole were not misleading or inadequate to guide the jury's deliberation). Because the trial court elsewhere properly instructed the jury as to the presumption of innocence and the prosecutor's burden of proof, the instructions as a whole on the presumption of innocence did not violate due process. *Williams v. Abshire*, 544 F. Supp 315, 319-20 (E.D. Mich. 1982).

Petitioner next contends that the trial court's instruction on witness credibility unfairly directed the jury's attention to the credibility of the defense witnesses to a greater extent than the prosecution witnesses. Petitioner further claims that the instruction failed to inform the jurors that bias, prejudice, and personal interest could be considered in determining the credibility of the witnesses. In rejecting this claim, the Michigan Court of Appeals ruled that the instruction,

when viewed in its entirety, adequately instructed the jurors that they could consider a witness' bias, prejudice, or personal interest in making a determination as to that witness' credibility, even though the trial court did not use these words verbatim. The Michigan Court of Appeals further concluded that the instructions did not unfairly direct the jurors' attention to the credibility of defense witnesses to a greater extent that the prosecution witnesses. *Wood,* Slip. Op. at * 5-6.

In the present case, although the trial court failed to specifically instruct the jury that they could consider bias, prejudice, or personal interest in determining the credibility of witnesses, the trial court advised the jurors that they could take into consideration the demeanor of a witness in determining their credibility. The trial court also instructed the jurors to consider what the witness had to gain from his testimony and whether he had an interest in the outcome of the case. The trial court judge also instructed the jurors to consider whether the witness' testimony had been impeached by a prior inconsistent statement. Petitioner is not entitled to habeas relief, because the instructions as given adequately instructed the jury on the various considerations that it should take into account in weighing the credibility of the witnesses and gave them an ample basis for rejecting the testimony of the prosecution witnesses if it chose to do so. *See Latimer v. Burt,* 98 Fed.Appx. 427, 432 (6th Cir. 2004). Moreover, because the part of the instruction that the jurors could consider whether any witness who testified was a friend or relative of any of the parties could have been understood by the jury to apply equally to prosecution and defense witneseses, the instruction did not differentiate between the credibility of prosecution and defense witnesses and did not unfairly direct the jury's attention to the credibility of the defense witnesses. *See Thomas v. Corcoran,* 40 F. Supp. 2d 691, 699 (D. Md. 1998).

Petitioner next contends that the trial court failed to give the jurors CJI 2d 3.11, the

standard instruction on deliberations, which informs the jury of "give and take inherent within the decision[-]making process" and instructs the jurors not to change their honest opinions simply to reach a verdict.

In the present case, the trial court did instruct the jurors that their verdict must be unanimous and that all twelve people must decide the case. Under the circumstances, the instructions as a whole adequately explained to the jury its task and the importance of deliberation. *See United States v. Hernandez,* 31 F. 3d 354, 359 (6th Cir. 1994). Moreover, the trial court's failure to instruct the jurors that they should not sacrifice their honest beliefs to merely to reach a verdict was not unduly coercive, because the challenged instruction was not a deadlocked jury instruction given pursuant to *Allen v. United States,* 164 U.S. 492 (1896). Therefore, the trial court was under no obligation to advise the jurors during its initial instructions that they should not give up their honest beliefs simply to reach a verdict. *See Llaca v. Duncan,* No. 2004 WL 964113, * 30 (S.D.N.Y. May 4, 2004). Therefore, petitioner is not entitled to habeas relief on this claim. *Id.*

Petitioner next claims that the trial court failed to instruct the jurors that they could use Officer Tardiff's prior inconsistent statements as substantive evidence. The Michigan Court of Appeals concluded that the failure to give this instruction was harmless error, because Tardiff's conflicting evidence whether the drugs were seen in petitioner's left or right hand was not material to petitioner's defense theory that he did not possess the drugs in question at all. *Wood,* Slip. Op. at * 7. This Court agrees with the Michigan Court of Appeals that the trial court's failure to instruct the jurors that they could use Officer Tardiff's prior inconsistent statements for substantive evidence was harmless error in this case, in light of petitioner's theory of the case. *See United States v. Carr,* 979 F. 2d 51, 54 (5th Cir. 1992).

Lastly, Petitioner contends that the trial court failed to instruct the jury that the fingerprint found on the bag of cocaine must have been placed on the evidence when the crime was committed, as required by CJI 2d 4.15. The Michigan Court of Appeals rejected this claim, ruling that the instruction as given adequately informed the jurors that they had to find that the fingerprint was placed on the bag at the time and place of the offense. Because the Michigan Court of Appeals found that the instruction given by the trial court accurately reflected Michigan law, this Court must defer to that determination and cannot question it. *Seymour*, 224 F. 3d at 558. Accordingly, petitioner is not entitled to habeas relief on his third claim.

D.     *Claim # 4. The discovery claim.*

Petitioner next claims that the trial court erred in denying his discovery motion, in which he requested the personnel records of Officer Tardiff. The Michigan Court of Appeals rejected this claim, finding that petitioner's discovery request was merely a "fishing expedition," in that petitioner failed to provide any factual support for his contention that these personnel records would reveal any past misconduct on Officer Tardiff's part. The Michigan Court of Appeals further found as speculative petitioner's contention that Officer Tardiff's employment with four different police agencies demonstrated possible misconduct. *Wood,* Slip. Op. at * 9.

A claim involving a violation of state discovery rules is not cognizable in federal habeas review, because it is not a constitutional violation. *See Lorraine v. Coyle,* 291 F. 3d 416, 441 (6th Cir. 2002); *See also Friday v. Straub,* 175 F. Supp. 2d 933, 940 (E.D. Mich. 2001). In any event, the state trial court's denial of petitioner's request for information contained in Officer Tardiff's personnel file did not violate petitioner's federal constitutional rights and would not warrant federal habeas relief, absent any showing that information at issue was material to petitioner's defense. *See*

*Brown v. Roe,* 224 Fed. Appx. 713, 714 (9th Cir. 2007). The Michigan Court of Appeals therefore did not unreasonably reject petitioner's claim. *Id.*

This Court will likewise reject petitioner's related discovery request to order the production of Officer Tardiff's personnel file. Habeas petitioners have no right to automatic discovery. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, to grant discovery to a petitioner in a habeas case upon a fact specific showing of good cause. *Id.* If a petitioner can point to specific evidence that might be discovered that would support his constitutional claims, he is able to establish good cause to obtain discovery. *Burns v. Lafler,* 328 F. Supp. 2d 711, 718 (E.D. Mich. 2004). However, without a showing of good cause and without a habeas petitioner citing to specific information of what he hopes to learn from the additional discovery, a federal court will not order discovery. *Id.* A habeas petitioner's vague and conclusory allegations are insufficient to obtain additional discovery. *Id.*

Additionally, a district court does not abuse its discretion in denying a habeas petitioner's request for discovery, where the request falls more in the category of a "fishing expedition masquerading as discovery." *Stanford,* 266 F.3d at 460. A district court does not abuse its discretion by denying a habeas petitioner's request for discovery, where the discovery requested by a petitioner would not have resolved any factual disputes that could entitle him to habeas relief, even if the facts were found in his favor. *Id.*

In the present case, petitioner's request for the personnel records of Officer Tardiff is merely a fishing expedition masked as discovery. Accordingly, he is not entitled to discovery on this claim.

E.    *Claims # 5 and # 7.  The ineffective assistance of counsel claims.*

The Court will consolidate petitioner's ineffective assistance of counsel claims.  To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002).  *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.  The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel.  *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

In his fifth claim, petitioner contends that his trial counsel was ineffective for failing to move for a directed verdict of acquittal to challenge the sufficiency of the evidence to convict him of possession with intent to deliver over 650 grams of cocaine.  Petitioner claims that such a motion would have been granted, at least in part, because of comments made by the trial court judge just prior to closing arguments.  Before closing arguments were set to begin, the trial court judge advised defense counsel on the record that he would have no sentencing discretion if the jurors came back with a guilty verdict on the possession with intent to deliver over 650 grams of cocaine charge.  The trial court indicated that petitioner could risk taking his chances with a jury or could waive his jury at this time, at which point the trial court would find him guilty of the lesser included offense of possession with intent to deliver 50-225 grams of cocaine, which carried at the time a mandatory minimum ten year sentence.  Counsel discussed the matter with petitioner, who indicated that he wanted to proceed with a jury trial.

The trial court judge's comments did not appear to be a reflection on the sufficiency of the evidence to convict petitioner of the charged offense, but appeared to be more of a plea bargain offer by the trial court judge to find petitioner guilty of a lesser offense if he waived the jury and proceeded to have the court decide the case as the finder of fact. Indeed, after the jury found petitioner guilty as charged, the trial court informed the jurors that their verdict was "commensurate with the evidence" in the case and was "absolutely correct." Moreover, when petitioner raised his ineffective assistance of counsel claim in his motion for relief from judgment, the same judge that presided over his trial rejected this claim, finding that had trial counsel challenged the sufficiency of the evidence in a motion for a directed verdict, the trial court would have rejected it, because there was sufficient evidence presented on the charges. *People v. Wood,* No. 97-9781, Slip. Op. at * 4.

Petitioner cannot satisfy the prejudice prong of the *Strickland* ineffective assistance of counsel test because he has not shown a reasonable probability that had his counsel moved for a directed verdict, the motion would have been granted. *Riley v. Berghuis*, 481 F.3d 315, 324 (6th Cir. 2007). Because petitioner's ineffective assistance of trial counsel claim is without merit, appellate counsel was not ineffective in failing to raise it in petitioner's appeal of right. *Rowls v. Jamrog,* 193 F. Supp. 2d 1016, 1026 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his fifth and seventh claims.

F. *Claim # 6. The sentencing claim.*

Petitioner lastly contends that his sentence of life imprisonment for possession with intent to deliver over 650 grams of cocaine violates the Eighth Amendment. The U.S. Supreme Court has held that the provision of Michigan law which requires the imposition of a mandatory sentence of life imprisonment without parole on a conviction for possession of over 650 grams of

cocaine is not cruel and unusual punishment in violation of the Eighth Amendment. *Harmelin v. Mich.,* 501 U.S. 957, 994-995 (1991).[1]  Petitioner is therefore not entitled to habeas relief on his sixth claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong.  *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of

---

[1]  In 1998, the Michigan Legislature amended Michigan's drug statutes to provide that a defendant convicted of violating or conspiring to violate section 7401 (2)(a)(i) of the public health code, the section under which petitioner was convicted, shall be eligible for parole after serving seventeen and one half (17 ½) years in prison.  Under M.C.L.A. 791.234(9); M.S.A. 28.2304(9), a defendant's sentence under section 7401 (2)(a)(i) may be further reduced another two and one half (2 ½) years if the sentencing judge or his or her successor determines that the defendant cooperated with law enforcement.  If the defendant had no relevant or useful information, the judge is required to conclude that the defendant cooperated with the police.  *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 822 (E.D. Mich. 2004).

appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659.

## V. Order

Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is denied with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

 

 

 

\_\_s/Bernard A. Friedman_____
Dated: July 1, 2008                                    HON. BERNARD A. FRIEDMAN
     Detroit, Michigan                            CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman